UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INDIANA FARMERS MUTUAL INSURANCE COMPANY, *as subrogee of* RAJAL, INC. *doing business as* RED ROOF INN,<br><br>Plaintiff,<br><br>v.<br><br>SHAMBAUGH & SON LP, *et al.*,<br><br>Defendants. | Cause No. 1:25-cv-00586-ALT |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's unopposed motion to remand to state court. (ECF 17). Plaintiff filed this subrogation action against Defendant Shambaugh & Son LP ("Shambaugh") in state court on October 6, 2025, and Shambaugh removed the case to federal court on October 28, 2025, pursuant to diversity jurisdiction. (ECF 1, 7).[1] The Notice of Removal represents that Plaintiff is a citizen of Indiana and that Defendant Shambaugh is a citizen of Delaware and Connecticut. (ECF 1 at 4-5).

On November 5, 2025, counsel for Plaintiff discussed the status of the case with counsel for Defendant Shambaugh. (ECF 17 at 2). Shambaugh's counsel confirmed at that time that Shambaugh would be naming Koorsen Fire & Security, Inc. ("Koorsen"), an Indiana corporation with its principal office located in Indiana, as a non-party in its answer. (*Id.*). On November 7, 2025, Plaintiff's counsel advised Shambaugh that it would be joining Koorsen as a party to this

---

[1] The case was originally removed to the Southern District of Indiana but was transferred to the Northern District of Indiana on November 3, 2025. (ECF 6).

litigation, and Shambaugh agreed that Koorsen's Indiana citizenship would destroy diversity of citizenship. (*Id.*).

On November 14, 2025, Plaintiff filed an Amended Complaint that added Koorsen as a defendant (ECF 16), together with the instant motion to remand (ECF 17). In the motion, Plaintiff requests remand of the case to state court given that the joinder of Koorsen as a defendant destroys this Court's diversity jurisdiction.

Under 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Diversity jurisdiction—the basis for subject matter jurisdiction here—requires that the parties be of diverse citizenship and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Here, Plaintiff and Shambaugh both apparently agree that Koorsen should be added as a Defendant in this action (*see* ECF 17 at 2), and Koorsen and Shambaugh have each filed answers to the Amended Complaint (*see* ECF 24, 28, 29). Further, no party has filed a response in opposition to the motion to remand, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3). Therefore, the motion to remand is unopposed. With the joinder of Defendant Koorsen, diversity is destroyed because both it and Plaintiff are citizens of Indiana. Because this Court is now without subject matter jurisdiction for this dispute, the case will be remanded to the Superior Court of Allen County, Indiana.

For these reasons, the Court GRANTS the unopposed motion to remand (ECF 17) and REMANDS the case, original cause no. 02D03-2510-PL-000396, to the Superior Court of Allen County, Indiana.

SO ORDERED.

Entered this 17th day December 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge